# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 1939 | **DATE** | April 26, 2012 |
| **CASE TITLE** | Yolanda L. Trice v. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Leave to File Opening Brief Instanter [28] is granted, but not without this court's reservations, as described below. The government has until July 13, 2012, to file a response and/or cross motion for summary judgment and Plaintiff has until July 27, 2012, to file a reply thereto.

■[For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On March 26, 2012, this court ordered Plaintiff to explain why this case should not be dismissed for failure to prosecute. (R. 27.) That order was issued in response to Plaintiff's failure to file her opening brief despite having sought and received four extensions of time to do so. Currently before the court is Plaintiff's Response to the Court's Order and Motion for Leave to File Opening Brief Instanter, asking this court to refrain from dismissing this case for want of prosecution and to allow Plaintiff to file her belated opening brief. (R. 28.)

Plaintiff's brief was originally due on December 14, 2011. (R. 12.) The day before the deadline, Plaintiff filed her first motion for an extension in which her attorney asserted that the law clerk he assigned to draft the brief had recently given notice that he would be leaving his employment and so the brief had to be reassigned. Plaintiff's counsel also cited his hectic administrative and court case load and the flood of potential clients demanding his time as reasons for the extension. (R. 15.) Plaintiff's counsel asked for a deadline of January 13, 2012. (Id.) The court granted the request. (R. 17.) On the day of the new deadline, Plaintiff's counsel sought a second extension, citing his limited staff during the holidays, an illness the new law clerk had contracted, and again, the demands of potential clients. (R. 18.) This time Plaintiff asked for a deadline of February 13, 2012, to file the opening brief, and the court granted the relief sought. (R. 18, 20.) Once again, on the day the brief was due Plaintiff's counsel sought an extension until February 27, 2012, captioning his request as one for "A Final Enlargement of the Briefing Schedule." (R. 21.) He explained the need for delay this time by asserting that he "recently lost some law clerks, has been ill, and has recently had to replace a network server." (Id.) Again the court acquiesced and granted Plaintiff's counsel the relief he sought. (R. 22.) This time Plaintiff completely missed the deadline, waiting until March 14, 2012, to file, oxymoronically, a motion for a second "final" extension of time. (R. 23.) Now Plaintiff's counsel cited travel, his intense work load upon his return, and a "network error" as the causes of the request. (Id.) This court once again allowed an extension, giving Plaintiff until March 23 to file the brief. (R. 26.) The date passed with no filing from Plaintiff. Accordingly, on March 26 this court entered its order asking why the case should not be dismissed.

**STATEMENT**

In his response to the court's order, Plaintiff's counsel once again puts forth a number of excuses to explain why he missed the deadline. (R. 28.) He was out of the office for a medical procedure on the due date. He sent instructions to file the brief to a law clerk but mis-directed the email to his legal assistant, who did not forward the instructions to the law clerk. From March 23 through March 27, he "did not have access to a computer," an assertion this court will accept despite the ubiquity of Blackberry and other smart-phone devices. On the day he returned to the office he had to deal with "managerial duties"and sign documents before leaving for a work-related trip—to Hawaii. The assistant who was supposed to keep him apprised of work matters during his trip dropped the ball. No one noticed the deadline pass until this court issued its order.

Plaintiff's counsel's series of excuses for his continued failure to meet the deadlines in this case describe what are, more or less, routine hurdles. People get sick. Staff turns over. Computer networks seize up. Emails get mishandled. If all attorneys waited for a period of time with none of these distractions—nor the travel obligations and "managerial duties" to which Plaintiff's counsel vaguely alludes—briefs would never make it to the docket on time. Nonetheless, this court was willing on every occasion to give the benefit of the doubt to Plaintiff and to accept these explanations at face value. At this point, however, it is difficult to understand how the excuses cited for missing what was clearly described as the final deadline amount to anything other than a lack of diligence stemming from an assumption that no court-ordered deadline is truly final.

The missed deadline is especially difficult to overlook given Plaintiff's counsel's correct characterization of social security claimants as being among "the neediest of individuals." (R. 15 ¶ 2.) Disability claimants are routinely subjected to years-long waits in having their disability claims fully adjudicated. Vulnerable claimants should be able to expect particular diligence from the social-security bar, rather than the persistent back-burnering of their filings by attorneys who assume that endless extensions will be granted as a matter of course.

Despite the transparent weaknesses in the arguments put forth in favor of this latest extension and the lack of good cause, this court recognizes that given the statute of limitations, a dismissal of this case for want of prosecution is likely to amount to, for practical purposes, a final dismissal. Under these circumstances, this court reluctantly grants Plaintiff's motion and allows the opening brief to be filed instanter. It should go without saying that Plaintiff's counsel is expected to strictly adhere to deadlines going forward and that future extensions will not be granted absent emergency circumstances, provided that they are described in detail and adequately supported with affidavits and exhibits. Also, in the event Plaintiff prevails in this action, she will not be permitted to recover any fees or costs related to her filing of documents 28 and 29, except for the fees and costs related to the opening brief. The government should not bear these additional fees and costs caused by Plaintiff's counsel's lack of diligence. The government should also note Plaintiff's counsel's statements that he has law clerks to prepare substantive briefs in these types of cases if a fee petition is ever filed in connection with this case.

Case: 1:11-cv-01939 Document #: 30 Filed: 04/26/12 Page 2 of 2 PageID #:1192